# IN THE COURT OF APPEALS OF IOWA

No. 18-0197
Filed April 18, 2018

**IN THE INTEREST OF A.S., G.S., and T.R.,**
**Minor Children,**

**F.S., Father,**
 Appellant,

**M.S., Mother,**
 Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Gary K. Anderson, District Associate Judge.

A mother and father separately appeal from the district court's order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Roberta J. Megel of State Public Defender Office, Council Bluffs, for appellant father.

J. Joseph Narmi, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Anne M. Rohling, Council Bluffs, guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother and father[1] separately appeal from the district court's order terminating their parental rights to their child A.S. The mother also appeals from the district court's order terminating her parental rights to her children G.S. and T.R. Both the mother and father contend the State offered insufficient proof to terminate their parental rights under the Iowa Code, that termination was not in the children's best interests, and the State did not make reasonable efforts for reunification. Because A.S.'s father's failed to address his substance-abuse issues and because the mother did not address her substance-abuse issues, the children's safety and development is served by terminating the parental rights of both the mother and father, and there are no exceptions to preclude termination, we affirm the district court's termination of the parental rights of the mother and father.

## I.     Background Facts and Proceedings

The family came to the attention of the Iowa Department of Human Services (DHS) in March 2016 after A.S. was born and tested positive for the presence of marijuana and amphetamines in his system. While still in the hospital, the mother also tested positive for amphetamines and cannabinoids. The DHS learned the mother had two additional children, G.S., born in 2012, and T.R., born in 2011, who resided with their maternal grandfather. An April 8 child-protective assessment for A.S. found abuse on the mother for the presence of illegal drugs in the child. A.S. was placed with his maternal grandfather, and G.S. and T.R.

---

[1] Unless otherwise noted, hereinafter "father" refers to the father of A.S.

remained in the same home. The mother resided with and cared for the children under the supervision of either the children's grandfather or the mother's brother, who also lived in the home. On May 11, the mother tested positive for amphetamine and methamphetamine, and she admitted to caring for the children while under the influence of methamphetamine.

On June 10, A.S. was adjudicated a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2), (n) and (o) (2016). On the same day, G.S. and T.R. were adjudicated CINA pursuant to section 232.2(6)(c)(2) and (n). Following the CINA adjudication, the mother unsuccessfully completed inpatient treatment and was discharged from an outpatient treatment facility for poor attendance. During this time, the children continued to live with their maternal grandfather. In April 2017, the mother entered another inpatient treatment facility. Beginning in May, all three children resided at the facility with the mother until her successful discharge on July 19. The mother and all three children then moved into an apartment until the mother again tested positive for methamphetamine; the children were removed from her care on August 7 and placed with a foster family where they remained during the termination hearing. The mother has not complied with services following the children's removal.

The father participated in family team meetings and visits but did not participate in services related to his substance-abuse issues. At the termination

hearing, the father admitted to using methamphetamine two weeks prior to the hearing, and he admitted he is homeless and unemployed.[2]

The State petitioned to terminate the parental rights of the mother and father on October 6, 2017. A contested hearing was held on November 27, 2017, after which the district court terminated the mother's parental rights to all three children under Iowa Code section 232.116(1)(h), (i), and (*l*) (2017). The district court terminated the father's parental rights to A.S. under Iowa Code section 232.116(1)(b), (e), (h), (i), and (*l*). The district court also terminated G.S. and T.R.'s father's parental rights under Iowa Code section 232.116(1)(b), (e), (f), and (*l*).[3]

The mother and A.S.'s father appeal.

## II.     Standard of Review

We review termination-of-parental-rights proceedings de novo, giving deference to the district court's findings though we are not bound by them. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

## III.     Father's Appeal

The father asserts the State did not prove by clear and convincing evidence his parental rights should be terminated under Iowa Code section 232.116(1)(b), (e), (h), (i), and (*l*). When the juvenile court terminates parental rights on more than one statutory ground, we only need to find grounds to terminate under one of the paragraphs cited by the juvenile court to affirm. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). We turn to section 232.116(1)(h).

---

[2] The DHS attempted to locate and contact the father of G.S. and T.R. without success. As of the time of termination, the DHS has not receive a response to any notice sent to the father, and he has not participated in any service available through the DHS.
[3] The father of G.S. and T. R. does not appeal.

Termination is warranted under paragraph (h) when:

> The court finds that all of the following have occurred:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The first three elements are met and the father only asserts A.S. could be returned to his care if he had more time to find housing and employment. As of the date of the termination hearing the father had not attended services to treat his substance-abuse issues. The November 27, 2017 DHS report indicates the father failed to attend all thirty-eight drug screens offered to him during the course of these proceedings. By the father's admission, he used methamphetamine approximately two weeks prior to the termination hearing and did not attend counseling services for his substance-abuse issues. Further, the father has not been able to maintain employment because of his substance-abuse issues resulting in his continued homelessness. Due to the father's failure to address his substance-abuse issues and homelessness, we agree with the district court that there is clear and convincing evidence the child could not be returned to the father at the time of the termination hearing.

As to the father's request for additional time, we have no confidence the father's situation would improve to the level required for the child to be safely returned to his care. *See* Iowa Code § 232.104(2)(b). The father provided no indication he placed the needs of A.S. over his own, as indicated by his continued

drug use and unwillingness to seek treatment during the approximately twenty months A.S. has been under the DHS's supervision. We conclude additional time would not be beneficial for A.S.; we agree with the district court.

The father also contends the State did not prove by clear and convincing evidence termination of his parental rights was in the child's best interest. *See In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010). In making a best-interest determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). A.S. has been safely cared for by his maternal grandfather and in his current placement with his foster family. Through the pendency of this case, and for much of A.S.'s life, the father has not addressed his substance-abuse issues, therefore we agree with the district court it is in A.S.'s best interest to terminate the father's parental rights.

The father also contends he shares a strong bond with A.S. that should preclude termination. *See id.* § 232.116(3)(c). Such a consideration is permissive and not mandatory. *See P.L.*, 778 N.W.2d at 39. A.S. has never resided with the father, and their only contact has come during supervised visits. Due to A.S.'s young age and early placement with his maternal grandfather and then his foster family, we agree with the district court; any perceived bond should not preclude termination.

Finally, the father argues DHS did not make reasonable efforts for his reunification with his child. The State contends error was not preserved. To preserve error, the father had an "obligation to demand other, different, or

additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). The father has failed to state where in the record he objected to the services offered or requested additional services; he simply states, "The State failed to show reasonable efforts were provided to Appellant to reunite him with his child." Error has therefore not been preserved.

### IV. Mother's Appeal

The mother contends the State did not prove by clear and convincing evidence her parental rights should be terminated under Iowa Code section 232.116(1)(h), (i), and (*l*). As with the father, we need only to find grounds to terminate the mother's parental rights under one of the paragraphs cited by the juvenile court to affirm. *See S.R.*, 600 N.W.2d at 64. We focus our review on section 232.116(1)(*l*).

A parent's rights may be terminated under paragraph (*l*) if the State proves by clear and convincing evidence the children have been adjudicated CINA, the parent has a severe and chronic substance-abuse disorder rendering her a danger to herself or others, and the children cannot be returned within a reasonable time due to the substance abuse problem. Iowa Code § 232.116(1)(*l*). We agree with the district court; the actions of the mother indicate that the children cannot be returned to her care due to her "severe, chronic substance abuse disorder." *Id.*

The mother has successfully and unsuccessfully participated in many inpatient and outpatient drug-treatment programs. During some of these programs, the mother had care and custody of her children while she received treatment. However, upon each discharge the mother relapsed and used methamphetamine. Since the mother tested positive for methamphetamine in July

2017, she has not cooperated with multiple drug testing requests from the DHS. Additionally, the mother's substance abuse creates a danger to her children. A.S. was born with methamphetamine in his system, and the record indicates, and the mother admits, she cared for the children while under the influence of methamphetamine. On August 5, 2017, the mother got into a one-car accident while transporting G.S. and T.R. to a service provider's facility for a visit. The service provider reported the mother smelled of alcohol and did not have a valid driver's license. The mother's inability to refrain from using drugs and alcohol while caring for her children presents a danger to their safety due to their young age and inability to care for themselves.

In determining the future actions of the parent, her past conduct is instructive. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Given this ongoing behavior, it is clear the children cannot be returned to the mother's care or custody. *See* Iowa Code § 232.116(1)(*l*). Consequently, we affirm the juvenile court's order terminating her parental rights.

The mother also asserts the State did not prove by clear and convincing evidence termination of her parental rights was in her children's best interest. *See P.L.*, 778 N.W.2d at 40–41. G.S. and T.R. were reported to have missed school, and G.S. is reported to have autism, requiring additional care and attention. The mother's history of leaving all three children alone and caring for the children while using methamphetamine does not further their long-term nurturing and growth. The record illustrates the instability in these children's lives, caused by moving between the care of their maternal grandfather, then their mother, and then finally a foster family. These children need permanency and do not need to wait for their

mother to attend to her own substance-abuse issues. "Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable." *In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa 1994) (internal citations omitted).

The mother also contends she shares a strong bond with all three children. *See id.* § 232.116(3)(c). This consideration is not mandatory. *See P.L.*, 778 N.W.2d at 39. Although the children returned to their mother's care while she underwent treatment, A.S.'s young age and G.S. and T.R.'s improvement in the foster home refutes the conclusion there is a strong parent-child bond that should preclude termination. We agree with the district court; any perceived bond should not preclude termination.

Finally, the mother asserts the DHS did not make reasonable efforts for reunification with her children. The State asserts the mother failed to preserve error on her argument because she did not raise the issue at any time during the CINA proceeding. As with the father, the mother needed to demand other, different, or additional services prior to a permanency or termination hearing. *A.A.G.*, 708 N.W.2d at 91. Though the mother asserts she made a request at the August 31 permanency hearing, we note the district court's order following the hearing states, "The Court finds that reasonable efforts were made to avoid the necessity of continued out-of-home placement and that return of the children to a parental home would be contrary to the well-being of the children." The permanency order does not indicate the mother requested additional services and the record lacks any other request. Error has therefore not been preserved.

**V. Conclusion**

Because the father failed to address his substance-abuse issues and homelessness, A.S.'s safety and development is best served by terminating the father's rights, and there are no barriers to termination, we affirm the district court's termination of the father's parental rights. Additionally, because the mother did not address her substance-abuse issues, the children's safety and development is served by terminating the mother's parental rights, and there are no exceptions to preclude termination, we affirm the district court's termination of the mother's parental rights.

**AFFIRMED ON BOTH APPEALS.**